# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20001
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MARTINEZ-MUNOZ, also known as Juan Menoz Martinez, also known as Juan Munoz Martinez, also known as Juan Martinez, also known as Jesus Hernandez, also known as Jose Ferre, also known as Juan Martinez Munoz, also known as Juan M. Martinez, also known as Jorge Ramirez-Lopez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-397-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Martinez-Munoz appeals his 52-month, above-guidelines sentence of imprisonment following his guilty plea to illegal reentry into the United States following deportation. Martinez-Munoz argues that the 52-month sentence is substantively unreasonable because it is greater than necessary to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20001

achieve the sentencing goals of 18 U.S.C. § 3553(a).  Specifically, Martinez-Munoz contends that the district court "gave undue, significant weight to his 'long history' of abusing alcohol and cocaine."

We review the district court's non-guidelines sentence for abuse of discretion under the totality of the circumstances.  *See Gall v. United States*, 522 U.S. 38, 51 (2007); *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  The record reflects that the district court properly considered the § 3553(a) factors.  The district court noted Martinez-Munoz's 10 criminal convictions, which included forgery; three driving while intoxicated (DWI) convictions; two convictions for failure to stop and give information; failure to identify oneself to a peace officer; assault on a family member; possession of a controlled substance; and an illegal reentry.  The district court further noted that Martinez-Munoz had been arrested and deported on three prior occasions without charges being filed.  In connection with noting that the enhancing felony in the instant case was a DWI third offense, the district court commented on Martinez-Munoz's "long history of abusing alcohol . . . and cocaine."  The district court concluded that Martinez-Munoz has "not acclimated to the norms of law-abiding community members" and "has demonstrated time and time again he will not abide by the laws of the United States."  Under the totality of the circumstances, the 52-month sentence is reasonable.  *See Brantley*, 537 F.3d at 349.  Further, we have upheld much greater upward variances.  *See id.* at 349-50; *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

AFFIRMED.